**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Major Benjamin D. Samia,
Plaintiff,

vs.

Hudson by Avolta, *et al.*,
Defendants.

Case No. 2:25-cv-01497-MMD-MDC

**ORDER**

The Court issued an Order stating that this case has been pending for 12 months without any action and that it would be dismissed without prejudice under Local Rule 41-1 if no further action was taken by November 5, 2026. *ECF No. 9*. Plaintiff then timely filed a Letter ("10/20/2026 Letter") (ECF No. 10), claiming that he "regularly checked" on the status of this case and was advised to "continue to wait for further instructions." He now requests for guidance regarding how to proceed in this case. *ECF No. 10*.

The Court has reviewed plaintiff's 10/20/26 Letter. While plaintiff paid the filing fee, plaintiff has not requested the Clerk's Office for a summons in this case nor served the defendants with any process, *e.g.*, serving defendants with a summons and copy of his Complaint. The Court recognizes that plaintiff's Complaint was not filed after he paid the filing fee, which may have contributed to confusion and delay. To address this issue, the Court will order the Clerk of Court to file plaintiff's Complaint.

Once the Complaint is filed, the plaintiff must serve the defendants. Serving defendants with process allows the court to exercise jurisdiction over the defendants, gives the defendants notice of the lawsuit, and allows the case to proceed. Once defendants answer the Complaint, the Court may schedule the Early Neutral Evaluation for this case.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to complete service of process upon the defendants within 90 days after the complaint is filed. *Id.* While the Court appreciates that plaintiff is

proceeding without an attorney ("pro-se" or pro-per"), the law requires such litigants to review and comply with the Court's rules, including the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court of Nevada. *See Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates.").

While the 90 days under Rule 4(m) has since expired, the Court has discretion to extend the timing *sua sponte*. *See Eko Brands, LLC v. Houseware Sols., LLC*, No. 2:20-cv-2076-RCJ-BNW, 2021 WL 4149016, at *5 (D. Nev. August 20, 2021) (collecting cases) (exercising discretion to extend the timeline to serve defendant *sua sponte* when the deadline for service has already expired). The Court finds good cause to exercise such discretion and extend the time for plaintiff to request for summonses to be issued and to serve a copy of the summonses and his complaint upon defendants. The plaintiff must file proof of service by **January 25, 2027**.

Finally, plaintiff is cautioned that failure to timely serve defendants or to request additional time for service may result in dismissal of his action under Rule 4 of the Federal Rules of Civil Procedure and Local Rule 41-1.

For the foregoing reasons,

**IT IS ORDERED** that:

1. The Clerk of Court is kindly directed file plaintiff's Complaint for this case.
2. Plaintiff shall request the Clerk's Office for summons to be issued in this case. Once summons is issued and his Complaint is filed in this case, he shall serve a copy of the summons and Complaint upon defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. He must file proof of service by **January 25, 2027**.

3. Failure to serve defendants timely or to request additional time for service may result in dismissal of his action under Rule 4 of the Federal Rules of Civil Procedure and Local Rule 41-1.

DATED: November 2, 2026.

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.